UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. CR05-141-MJP |
| Plaintiff, ) | |
| ) | |
| v. ) | SUMMARY REPORT OF U.S. |
| ) | MAGISTRATE JUDGE AS TO |
| MANUEL JAMES PLASTER, ) | ALLEGED VIOLATIONS |
| ) | OF SUPERVISED RELEASE |
| Defendant. ) | |
| ) | |

An evidentiary hearing on supervised release revocation in this case was scheduled before me on September 16, 2011. The United States was represented by AUSA Jerrod Patterson and the defendant by Jay Stansell. The proceedings were digitally recorded.

Defendant had been sentenced on or about July 29, 2005 by the Honorable Marsha J. Pechman on a charge of Felon in Possession of a Firearm, and sentenced to 46 months custody, 3 years supervised release. (Dkt. 21.)

The conditions of supervised release included the standard conditions plus the requirements that defendant submit to mandatory drug testing, participate in a substance abuse program, abstain from alcohol, submit to search, and provide financial information to his

probation officer upon request.

On September 21, 2010, defendant admitted violating the conditions of supervised release by possessing cocaine with intent to distribute. (Dkt. 33). Defendant was sentenced to four months in custody, 32 months supervised release. (Dkt. 37.) In addition to the previous conditions of supervision, defendant was required to participate in a mental health program as directed, reside in and satisfactorily participate in a residential reentry program for up to 150 days, and be prohibited from self-employment or employment by friends or relatives, or for cash without permission.

In an application dated March 21, 2011 (Dkt. 38, 39), U.S. Probation Officer Jerrod Akins alleged the following violations of the conditions of supervised release:

1. Failing to satisfactorily participate and complete 150 days in a residential reentry center, in violation of the special condition that he reside in and satisfactorily participate in a residential reentry center as a condition of supervised release for up to 150 days or until discharged by the program manager or U.S. Probation Officer.

2. Having contact with Sadie Villars, a convicted felon, without the persmission of the probation officer, in violation of standard condition No. 9.

3. Possession of OxyContin with intent to deliver on March 15, 2011, in violation of the general condition that he not commit another federal state or local crime.

Defendant was advised in full as to the charge and as to his constitutional rights. Defendant admitted violations 1 and 2 and waived any evidentiary hearing as to whether they occurred.

As to alleged violation 3, an evidentiary hearing was conducted, consisting of the

testimony of Anthony Paz, a certified drug dog handler with the Whatcom County Sheriff's Office. Officer Paz testified that on March 15, 2011 he was on duty driving north on I-5 in Bellingham when the defendant merged onto the freeway without signaling, in violation of RCW 46.61.305. The officer pulled the defendant over to the side of the freeway, at approximately 8:00 pm. The vehicle, a green jeep, had California plates, and the defendant explained that the vehicle was his girlfriend's car, who was deployed in the Navy. The defendant's demeanor seemed "normal" according to the officer, although he was skeptical of the story about the girlfriend's vehicle. However, the defendant's drivers license was valid and the story checked out. The officer checked for outstanding warrants and found none, although the officer noted several prior drug convictions, and the fact that the defendant was on federal "probation". The officer assumed, but did not verify, that the federal charge was a drug offense.

Informed by another officer that he was also reporting to the scene, Officer Paz waited in his vehicle about 3 minutes. When Officer Tedonio (phonetic spelling) arrived, Officer Paz patted the defendant down for weapons and applied his drug detecting dog Molly to the vehicle, about eleven or twelve minutes after the initial stop. The officer testified that he did so because of the defendant's prior drug convictions and the California-plated vehicle, which was common for vehicles driven by drug smugglers. The officer was also skeptical about the defendant's assertion that the vehicle was owned by his girlfriend, although this proved to be true. The officer testified that the defendant objected when he applied his dog to the vehicle.

The dog alerted to the passenger side door and then to the driver's side door. Officer Paz informed the defendant of this fact and requested consent to search the car, which was

declined.  After confirmation by the defendant that he claimed ownership of the contents of the car, the defendant was transported by Officer Tedonio to a convenience store while Officer Paz waited for a search warrant to be signed.  A traffic citation was not issued.  The vehicle was towed to a yard, the warrant was signed, and the car was searched by a colleague.  84 oxycodone pills were found in a ziploc bag inside another ziploc bag, inside a CD case.  No fingerprints or DNA samples were obtained on these items. The defendant was subsequently arrested.

The parties stipulated that Probation Officer Jerrod Akins would testify, if called to the stand, that the amount of oxycodone pills found in the car could be an amount used by an addict for individual use.

I find that a preponderance of the evidence established that the defendant violated the conditions of supervised release by possessing OxyContin with intent to deliver on March 15, 2011.  The defendant is admittedly not an OxyContin user, so the pills were not likely for his personal use.  He had control of the car and the permission of his girlfriend to use it while she was deployed in the Navy.  I also take into account the defendant's past supervised release violation for possession of cocaine with intent to deliver, his objection when the officer deployed the drug detecting dog, and his refusal to consent to search of the vehicle.

I therefore recommend the Court find defendant violated his supervised release as alleged in violations 1, 2, and 3, and that the Court conduct a hearing limited to the issue of disposition.  The next hearing will be set before Judge Pechman.

/ / /

/ / /

Pending a final determination by the Court, defendant has been detained.

DATED this 16th day of September, 2011.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

cc: District Judge: Honorable Marsha J. Pechman
AUSA: Jarrod Patterson
Defendant's attorney: Jay Stansell
Probation officer: Jerrod Akins

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -5